IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

**GERALDINE WARE,** *Individually, and on behalf of herself and other similarly situated current and former employees*,

Plaintiff,

v.

**LOVING ARMS LLC** and
**APRIL WEBSTER**, Individually

Defendants.

No. _____

**FLSA Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

### ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

---

Named Plaintiff, Geraldine Ware ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid caregivers, bring this Fair Labor Standards Act ("FLSA") Multi-Plaintiff action against Loving Arms LLC and April Webster, individually ("Defendants") and state as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated caregivers.

2. This lawsuit is also brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual benefits and wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to

    Plaintiff and other similarly situated current and former hourly-paid caregivers who are members of a Rule 23 class as defined herein, and who are currently or previously employed by Defendants.

3. Defendants violated the FLSA by failing to pay Plaintiffs and those similarly situated for all hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material to this action.

## II. PARTIES

4. Plaintiff Geraldine Ware has been employed by Defendants as an hourly-paid caregiver at all times material to this action. Plaintiff Ware's Consent to Join form is attached as *Exhibit A*.

5. Defendant Loving Arms LLC is a Tennessee limited liability company with its principal office at 1112 Whitehall Street, Jackson, Tennessee 38301-3730. Defendant's registered agent to receive service of process is April Webster, 35 Jabez Cove, Jackson, Tennessee 38305.

6. Defendant April Webster has been responsible for implementing and administering Loving Arms LLC's pay policies and practices at all times material to this action.

7. As such, Defendant Webster is jointly and individually liable to Plaintiff and those similarly situated for all FLSA violations addressed herein.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action because the lawsuit arises under 29 U.S.C. § 201 *et seq.*

9. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to those within this Court's original

jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendants within this district and Defendants have conducted business within this district during all times material to this action.

### IV.  COVERAGE

11. Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d) during all times material.

12. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), during all times material herein.

13. Defendants engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

14. Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. Plaintiff and similarly situated have been "employees" of Defendants as that term is defined in the FLSA, and such employees have engaged in commerce or in the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206– 207, during all times material to this action.

### V. FACTUAL ALLEGATIONS

16. Defendant Loving Arms LLC provides home care services in Jackson, Tennessee, and the surrounding area.

17. Plaintiff and those similarly situated were employed by Defendants as hourly-paid caregivers during all times material to this action.

18. Defendant April Webster has been responsible for implementing and administering Loving Arms LLC's pay and timekeeping policies and practices during all times material to this action.

19. As such, Defendant April Webster is jointly and individually liable to Plaintiff and those similarly situated for all FLSA violations addressed herein.

20. At all times pertinent to this action, Defendants have had a timekeeping system to record the hours worked by Plaintiff and those similarly situated.

21. Plaintiff and those similarly situated performed work for Defendants 80 hours or more per week within bi-weekly pay periods during all times material to this action.

22. Defendants failed to pay Plaintiff and those similarly situated the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within bi-weekly pay periods during all times material herein.

23. Defendants either failed to record all of the compensable hours of Plaintiff and those similarly situated into their timekeeping system or "edited out" some of their compensable hours from their timekeeping system during all times material.

24. Defendants expected and suffered and permitted Plaintiff and those similarly situated to perform "off the clock" work within bi-weekly pay periods during all times relevant, without being paid the applicable FLSA minimum wage and overtime compensation rates of pay for such work time, including, but not limited to:

(a) Performing a pre-shift "walk-through" of their assigned home care residences, checking medications and medical equipment and devices in their assigned home care residences, and discussing any medical, medication or safety issues occurring during the previous shift with the outgoing caregiver - without being paid the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods for such Pre-shift "off the clock" work and activities during all times material;

(b) Driving vehicles from one home care residence to other home care residences without being paid for such "off the clock" drive time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material;

(c) Staying-over past the ending of their respective shifts when their incoming caregivers reported late to work, without being paid for such "off the clock" stay-over time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material;

(d) Cleaning their respective home care residences, taking out trash from their respective home care residences and discussing any medical, medication or safety issues occurring during their shift with the in-going caregiver - without being paid the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods for such post-shift "off the clock" work and activities during all times material.

25. Plaintiff and those similarly situated did perform such "off the clock" work hours without being paid at least the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods at all pertinent times.

26. Defendants have been aware of the aforementioned unpaid\ overtime and "off the clock"

hours that Plaintiff and those similarly situated have performed without being paid for such compensable time at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material.

27. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

28. Defendants failed to keep accurate pay and timekeeping records of Plaintiff and those similarly situated during all times material.

29. Defendant's common policy and practice of not compensating Plaintiffs and those similarly situated for all their compensable overtime hours at the applicable FLSA minimum wage and overtime compensation rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

30. Defendants' failure to compensate Plaintiff and those similarly situated for their unpaid overtime hours was willful with reckless disregard to the FLSA minimum wage and overtime compensation requirements and without a good faith basis.

31. Due to Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the minimum wage and overtime requirements of the FLSA, they have suffered lost wages in terms of lost compensation and other damages.

32. The net effect of Defendants' common policy and practice of failing to pay Plaintiff and those similarly situated all their compensable hours within bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay during all times material to this action was to unjustly enrich themselves.

33. As a result, Defendants have enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

34. Moreover, Defendants offered and promised Plaintiff and those similarly situated that they would receive Personal Days Off ("PTO") and vacation days as part of their employment benefits and pay raises.

35. Plaintiff and those similarly situated accepted Defendants' offer and promise by meeting all work requirements to be eligible for such employment benefits and pay raises.

36. However, Defendants have failed to provide Plaintiff and those similarly situated with such employment benefits and pay raises.

37. Plaintiff and others similarly situated are entitled to contractual compensation for the Personal Days Off (PTO), vacation days and pay raises they failed to receive from Defendants, plus liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants that are available to them under the Tennessee statutory and common law.

## VI. FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

38. Plaintiff brings this lawsuit as a multi-plaintiff action on behalf of herself and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendants unpaid minimum wages and overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

39. More specifically, Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid caregivers of Defendants who performed work for Defendants but who were not paid minimum wages and overtime compensation for hours worked over 80 per week at one and one-half times their regular hourly rates of pay within bi-weekly pay periods anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action

       pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

40. Plaintiff and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over eighty (80) per week within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay, as required by the FLSA, and as previously described.

41. This action is also properly maintained as a multi-plaintiff action because Plaintiff and potential plaintiffs have been similarly deprived of minimum wages and overtime compensation due to Defendants' unlawfully common pay policies and practices.

42. In addition, Plaintiff and potential plaintiffs are similarly situated because their unpaid wage claims are unified through a common theory of Defendants' FLSA violations.

43. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of Plaintiff and potential plaintiffs to protect their interests.

44. Plaintiff will fairly and adequately protect the interests of potential plaintiffs, as her interests align with those of potential plaintiffs, i.e., to pursue their unpaid overtime compensation claims.

45. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

46. Defendants knew Plaintiff and those similarly situated performed compensable work

within bi-weekly pay periods during all times material without being compensated for such work at the applicable FLSA minimum wage and overtime compensation rates of pay.

47. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA minimum wage and overtime requirements, which conduct has caused significant damages to Plaintiff and potential plaintiffs.

48. Defendants do not have a good faith basis for failing to compensate Plaintiff and potential plaintiffs for all their compensable hours at the applicable FLSA minimum wage and overtime rates of pay within bi-weekly pay periods during all times material to this action.

49. Thus, Defendants are liable to Plaintiff and potential plaintiffs under the FLSA for failing to compensate them for their unpaid compensable work time properly.

50. Plaintiff requests this Court to facilitate notices to potential plaintiffs and to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), to seek a recovery of unpaid minimum wages and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

51. Plaintiff does not know the precise number of potential plaintiffs as of this time, but it can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

52. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging and by posting notice at all of Defendants' home care residences and facilities.

## VII. RULE 23 CLASS ACTION ALLEGATIONS

53. Defendants employed Plaintiff and members of the Rule 23 class during all relevant periods

of time herein.

54. Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of herself and the following similarly situated individuals:

All hourly-paid caregivers who were employed by and worked for Defendants in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all employment benefits and pay raises promised them by Defendants. (the "Rule 23 class").

55. Defendants promised Plaintiff and other Rule 23 class members they would receive Personal Days Off (PTO) and vacation time as employment benefits and pay raises if employed by them.

56. Although Plaintiff and other Rule 23 class members met all the work requirements to be eligible for such employment benefits and pay raises, Defendants failed to provide them with such benefits and pay raises.

57. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of herself, individually, and on behalf of other potential class members to recover the above-referenced PTO, vacation days, and pay raises to which they are entitled.

58. The precise number of Rule 23 class members is not known as of this time, but is believed to be more than 30. The exact number of such class members can easily be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents

59. The claims of Plaintiff and those similarly situated arose from the Defendants' actions or inactions herein and are based on the same legal theories.

60. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether a unilateral contract existed between Defendants and Plaintiff and the

10

putative Rule 23 class for promised Personal Days Off (PTO) and vacation days, as well as promised pay increases;

(b) Whether Plaintiff and other members of the Rule 23 class are entitled to the employment benefits and pay raises promised them by Defendants under the Tennessee statutory and common law of contracts, quantum meruit, and/or unjust enrichment;

(c) Whether Defendants provided Plaintiff and other members of the Rule 23 class all employment benefits and pay raises promised to them within bi-weekly pay periods during the relevant statutory time period herein.

(d) Whether Defendants unlawfully breached their unilateral employment benefits and pay increases agreements with Plaintiff and members of the Rule 23 class; and

(e) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for the putative Rule 23 class.

61. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable

62. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

63. Plaintiff is an adequate class representative.

64. Plaintiff who, unlike other similarly situated Rule 23 class members, was not paid promised employment benefits and pay raises, as previously addressed.

65. Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.

66. Plaintiff's employment benefits and pay raise claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be sought by each member of the putative Rule 23 class in separate actions.

67. All the Rule 23 class members are/were subject to the same common plans, policies, and practices of Defendants in their failure to pay all contractually agreed-upon employment benefits and pay raises.

68. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

69. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions would otherwise produce.

70. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

71. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

72. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' unlawful practice

73. As a result, class treatment is a superior mechanism for resolving this dispute compared to

the adjudication of individual litigation claims

74. Current employees often fear asserting their rights out of fear of direct or indirect retaliation. Former employees may fear bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity, allowing for the vindication of their rights while eliminating or reducing those risks.)

75. Plaintiff knows of no conflict of interest she has with the Rule 23 class of caregivers who worked for Defendants.

76. Plaintiff has hired the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue their claims and the claims of the Rule 23 class for unpaid contractual employment benefits and wage increases. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

77. The firm has represented numerous other employees asserting unpaid contractual claims.

78. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

79. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans, policies, and practices implemented by Defendants unless resolved by this action.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

80. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

81. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

82. Defendants failed to pay Plaintiff and those similarly situated for all their compensable hours at the applicable FLSA minimum wage and overtime compensation rates of pay within bi-weekly pay periods during all times material herein, as previously addressed.

83. Defendants' common policy and practice of failing to pay Plaintiff and potential plaintiffs for all their compensable hours within bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay violated the FLSA, as previously described.

84. Through its actions, policies, and practices, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and potential plaintiffs for all their compensable hours within bi-weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay at all relevant times.

85. Defendants' actions were willful with reckless disregard to clearly established FLSA minimum wage and overtime compensation provisions.

86. Defendants do not have a good faith basis for their conduct.

87. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

88. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

89. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual damages,

liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## COUNT II
## RULE 23 CLASS ACTION VIOLATIONS

90. Plaintiff incorporates by reference the preceding paragraphs as fully rewritten herein

91. Plaintiff asserts Rule 23 class breach of contract claims because Defendants entered into valid and enforceable unilateral wage contracts with her and Rule 23 class members pursuant to Tennessee law.

92. Defendants promised Plaintiff and other members of the Rule 23 class Personal Days Off (PTO) and vacation days as employment benefits and pay raises if employed by them.

93. Plaintiff and Rule 23 class members met all work requirements to be eligible for such employment benefits and pay raises; yet, Defendants failed to provide them with such employment benefits and pay raises to which they were entitled within bi-weekly pay periods, during all times material

94. Defendants breached their obligations under the said contracts by failing to provide Plaintiff and other Rule 23 class members with the agreed-upon employment benefits and pay raises.

95. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that she and each member of the proposed Rule 23 class provided valuable services to Defendants, that Defendants accepted their services, and Defendants had reasonable notice that class members expected to receive promised employment benefits and pay raises as part of their compensation for their work time.

96. Plaintiff and members of the Rule 23 class complained to Defendants about their failure to provide them with the promised employment benefits and pay increases, but to no avail.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiff and potential plaintiffs, and for liquidated damages equal to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C. For an Order finding that Defendants' violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages to Plaintiff and Rule 23 class members for Defendants' breach of contract claims;

G. An award of damages to Plaintiff and Rule 23 class members for Defendants' unjust enrichment claims;

H. An award of damages to Plaintiff and Rule 23 class members against Defendants related to their quantum meruit claims.

I. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiff and class members; and

J. Such other general and specific relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated:  June 25, 2025                                        Respectfully Submitted,

 *s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
Cooper Mays (TN BPR #042347)
**JACKSON, SHIELDS, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*
*cmays@jsyc.com*
***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***